COMMONWEALTH of Pennsylvania, Appellant,

v.

Brenda FRYE, Appellee.

Superior Court of Pennsylvania.

Submitted Dec. 9, 2003.

Filed June 25, 2004.

---

Helen A. Stolinas, Towanda, for appellant.

Stephen G. Downs, Asst. Dist. Atty., Towanda, for Com., appellee.

Before: KLEIN, BENDER, and OLSZEWSKI, JJ.

KLEIN, J.

¶1 Brenda Frye appeals from the November 1, 2002 order denying her credit for time served on parole while on house arrest with electronic monitoring. Because Frye was effectively incarcerated during this period, entitling her to credit for time served therein, we reverse.

■ ¶2 The trial court set forth the following factual and procedural history in its opinion pursuant to Pa.R.A.P.1925(a):

Appellant pleaded guilty to Driving Under the Influence of Alcohol and was sentenced on June 30, 2000, to a term of imprisonment for a minimum of fifteen (15) days and a maximum of twenty-three (23) months and twenty-nine (29) days. By court order dated July 11, 2000, she was paroled effective July 15, 2000. Parole was revoked on December 15, 2000, but on February 15, 2001, she was reparoled. Appellant again violated parole and was remanded to prison on June 19, 2001. A third order of parole was entered January 16, 2002, effective January 21, 2002. One of the conditions of the third parole was that Appellant would be under house arrest and subject to electronic monitoring.

The very day Appellant was released on parole, the Bradford County Probation Department learned that Appellant had secured parole by providing false information regarding her intended residence. Consequently, a revocation petition was filed that afternoon and parole was revoked on February 21, 2002.

On March 22, 2002, a fourth order of parole was entered by the undersigned judge, a decision which can only be attributed to what was, one hopes, merely temporary insanity. The fourth order of parole, like the third, provided that Appellant would be subject to house arrest and electronic monitoring. Appellant accepted the conditions. The order of parole was made effective March 22, 2002.

The Bradford County Probation Department filed another revocation petition on August 27, 2002, setting forth an extensive list of alleged parole violations. Appellant admitted her violations, and her parole was revoked on September 18, 2002. On October 29, 2002, the court heard testimony on Appellant's request for credit for the time she was subject to house arrest and electronic monitoring. Appellant claimed that the credit she requested is mandated by Section 9760(1) of the Sentencing Code. The court's order of November 1, 2002, denied the request.

Trial Court Opinion, 5/23/03, at 1–3 (footnote omitted). Frye filed the instant appeal from the trial court's November 1, 2002 order.[1]

1. In Pennsylvania, those sentenced to two or more years' incarceration fall under the jurisdiction of the Pennsylvania Board of Probation and Parole when on parole. Those sentenced to fewer than two years' incarceration

¶ 3 Frye raises the following sole issue in this appeal: whether appellant should receive credit toward her maximum sentence for time spent on house arrest under electronic monitoring as a condition of parole?

¶ 4 We believe that Frye is entitled to credit on her "back time"[2] for all the time she spent in custody on this charge because the terms of her house arrest were sufficiently restrictive to count as custody time.

¶ 5 Section 9760 of the Sentencing Code reads, in pertinent part:

[T]he court shall give credit as follows: (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed, or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S. § 9760(1).

¶ 6 The Pennsylvania Supreme Court, dealing with state parole, considered the effect of time spent in a drug program at Eagleville Hospital, which is akin to an intermediate sentence of house arrest. *Cox v. Commonwealth Board of Probation and Parole,* 507 Pa. 614, 493 A.2d 680 (1985). Initially, the parole board found that the time in Eagleville was "time at liberty on parole" rather than being in custody. Drawing an analogy to Section 9760, the Supreme Court said that if the

time in Eagleville was the "equivalent of incarceration entitling him to credit for the time spent in the program," he was entitled to credit. *Id.* at 682 n. 5. The case was remanded for a factual determination. *Id.* at 683.

¶ 7 Thus, the Supreme Court made no distinction between time served *after* sentencing and time served awaiting trial, pending sentence, or during appeals. There seems to be no logical reason for making such a distinction. If a person is in a program that is the "equivalent of incarceration," he or she should get the same credit one would get if in state prison or a county jail.

¶ 8 Likewise, in *Commonwealth v. Usher,* 264 Pa.Super. 435, 399 A.2d 1129 (1979), this Court determined that the conditions in Abraxas Foundation, a residential treatment facility for young offenders, were sufficiently restrictive so that time spent there *while on probation* should have been credited to Usher when later sentenced as a probation violator. The Abraxas facility was completely surrounded by the Allegheny National Forest, was accessible from the nearest town only by six miles of dirt roads, and attendance was ensured by hourly headcounts and enforced by local police. On these bases, we found Abraxas to be the equivalent of "custody" because the defendant's stay there was not voluntary and he could not freely leave. *Id.* at 1130.

¶ 9 Similarly, in *Commonwealth v. Mallon,* 267 Pa.Super. 163, 406 A.2d 569 (1979), this Court held that time spent in

---

remain under the jurisdiction of the trial court when on parole. *See Commonwealth v. Reese,* 774 A.2d 1255, 1259–1260 (Pa.Super.2001). Accordingly, Frye's appeal from the trial court's order denying credit for time served is properly before us.

**2.** Frye was sentenced to county time. She was found to have violated her parole, not

probation. Therefore, upon recommitment as a parole violator she could only be sentenced to "back time," that is, the balance of the sentence that she had not yet served in custody. Thus, the maximum sentence that could be imposed is the balance of the original sentence minus any credit for time served.

Abraxas as a condition of probation must be credited when sentenced later as a probation violator. These circumstances are the same as those in this case, where electronically-monitored house arrest was given as an intermediate punishment. *Cf. Stallsmith v. Pennsylvania Dept. of Corrections,* 846 A.2d 191 (Pa.Cmwlth.2004) (holding that where defendant was given split sentence of county incarceration followed by county probation, and defendant is recommitted as probation violator, defendant must be given credit for time served in county against recommitment sentence; otherwise defendant would serve illegal sentence).

¶ 10 Once it is determined that time spent in a program can be the equivalent of time spent in the county jail for purposes of credit against back time, then the tests recently set forth in *Commonwealth v. Chiappini,* 566 Pa. 507, 782 A.2d 490, 497 (2001) (plurality), and *Commonwealth v. Vanskiver,* 819 A.2d 69 (Pa.Super.2003) apply. We conclude that the time Frye spent on house arrest was clearly "time spent in custody" for purposes of the statute. Frye could not even have gone into the yard of her residence without setting off an alarm. She needed permission to leave the house or attend Alcoholics Anonymous meetings, counseling, work or other programs. Probation officers were free to enter her house and search her at any time. As such, we believe that Frye, in effect, was incarcerated albeit at her home address. We conclude that the trial court erroneously denied Frye credit for the time she served on house arrest. Order reversed.

¶ 11 BENDER, J., files a Dissenting Opinion.

BENDER, J., Dissenting.

¶ 1 I respectfully dissent. As the Majority indicates in footnote 1 of its Opinion, those sentenced to two or more years' incarceration fall under the jurisdiction of the Pennsylvania Board of Probation and Parole (the "Board") when on parole. People sentenced to less than two years' incarceration remain under the jurisdiction of the trial court when on parole. *See Commonwealth v. Reese,* 774 A.2d 1255, 1259–1260 (Pa.Super.2001). In the instant case, Appellant's sentence was less than two years; therefore, issues of parole were within the jurisdiction of the trial court rather than the Board.[3]

¶ 2 Accordingly, the Majority's reliance on *Cox v. Commonwealth Bd. of Prob. and Parole,* 507 Pa. 614, 493 A.2d 680 (1985), is misplaced. *Cox* dealt with credit for time served under provisions of the Parole Act, section 331.21a, which applies to parolees under the jurisdiction of the Board who are released on parole by the Board, but then, for some reason, violate parole and are recommitted by the Board. A parole violator convicted of another crime while on parole and under the jurisdiction of the Board "shall be given no credit for the time *at liberty on parole.*" 61 P.S. § 331.21a(a) (emphasis added). Section 331.21a indicates that the credit provisions in the Parole Act are applicable *only to parolees under the jurisdiction of the Board.* The decision in *Cox* was premised on the "at liberty on parole" language in section 331.21a(a) of the Parole Act.

¶ 3 In the instant case, Appellant is not under the jurisdiction of the Board since her original judgment of sentence was less than two years. Instead, Appellant is under the jurisdiction of the trial court; ac-

---

**3.** Accordingly, I agree with the Majority that this appeal is properly before us. I would only add that a challenge to the trial court's failure to award credit for time served in-

volves the legality of the sentence and is, therefore, appealable as of right. *Commonwealth v. Hollawell,* 413 Pa.Super. 42, 604 A.2d 723, 725 (1992).

cordingly, Appellant could not rely on the credit provisions of the Parole Act, as they are applicable only to those who are under the jurisdiction of the Board.

¶ 4 Thus, Appellant relied on section 9760 of the Sentencing Code to support her request for credit for time served while out on parole and subject to house arrest with electronic monitoring. As the Majority noted, section 9760 reads, in pertinent part:

[T]he court shall give credit as follows: (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. ***Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.***

42 Pa.C.S. § 9760(1) (emphasis added). The Majority ignores the above-emphasized sentence in reaching its conclusion that Appellant is entitled to credit for time served.

¶ 5 When interpreting a statute, we turn to principles contained in the Statutory Construction Act of 1972, 1 Pa.C.S. §§ 1501–1991. *United Cerebral Palsy v. W.C.A.B.*, 543 Pa. 544, 673 A.2d 882 (1996). We must observe the codified rules of statutory interpretation, unless doing so would result in a construction inconsistent with the legislature's manifest intent. 1 Pa.C.S. § 1901 ("Rules of interpretation"). The principle of statutory construction known as *"expressio unius est exclusion alterius"* holds that the mention of a specific matter in a general statute implies the exclusion of other matters not mentioned therein. *Pane v. Commonwealth Dep't of Highways,* 422 Pa. 489, 222 A.2d 913 (1966). This principle is not universal in application, but is an aid that we can use in interpreting statutes to discern legislative intent. *U.S. v. Pennsylvania Public Utility Comm'n,* 184 Pa.Super. 380, 135 A.2d 93 (Pa.Super.1957), *rev'd on other grounds,* 393 Pa. 537, 143 A.2d 341 (1958). We will not apply the rule if to do so would defeat an apparent intention of the legislature. *Id.* "The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions." 1 Pa.C.S. § 1921(a) ("Legislative intent controls"). *See also Commonwealth v. Koskey,* 571 Pa. 241, 812 A.2d 509, 513 (2002) (indicating that courts must presume that legislature "did not intend provisions of its enactments to be mere surplusage").

¶ 6 Giving effect to all of the provisions of section 9760(1), I note that the first sentence indicates that credit shall be given for "all" time spent in custody and, therefore, contains more general terms than the second sentence which ***lists the specific instances in which credit shall be given,*** *i.e.,* "[c]redit shall include credit for time spent in custody ***prior to trial, during trial, pending sentence, and pending the resolution of an appeal.***" 42 Pa.C.S. § 9760(1) (emphasis added). Our principles of statutory construction indicate that (1) a statute must be construed as a whole, giving effect to all of its provisions; (2) the specific controls the general; and (3) the principle of *expressio unius est exclusion alterius* helps us to discern legislative intent. Applying these principles, I conclude that section 9760(1) permits credit only for all time spent in custody in the following circumstances: "prior to trial, during trial, pending sentence, and pending the resolution of an appeal." Accordingly, it is my opinion that Appellant cannot rely on section 9760(1) in support of her claim for credit for time served while on house arrest with electronic monitoring

as a condition of parole when none of the situations enumerated in section 9760(1) apply. Appellant's time on parole was after trial and sentencing, and no appeal was pending at the time. None of the circumstances specifically listed in the second sentence of section 9760(1) are applicable and, therefore, the trial court properly denied credit for time served. *See, e.g., Commonwealth v. Chiappini,* 566 Pa. 507, 782 A.2d 490 (2001) (plurality) (approving credit for time spent on house arrest with electronic monitoring as a motion for a new trial was pending and during the period of time defendant waited for his new trial); *Commonwealth v. Conahan,* 527 Pa. 199, 589 A.2d 1107 (1991) (approving of credit to DUI offender for time spent in alcohol rehabilitation facility following arrest but prior to entering guilty plea); *Commonwealth v. Tout–Puissant,* 823 A.2d 186 (Pa.Super.2003) (granting credit to defendant for time spent in pretrial confinement in an outmate program that was considered "custodial" for purposes of section 9760); *Commonwealth v. Vanskiver,* 819 A.2d 69 (Pa.Super.2003) (*en banc*) (following Justice Zappala's approach in *Chiappini* under circumstances in which defendant sought credit for time served on house arrest with electronic monitoring as a condition of bail); *Commonwealth v. Bowser,* 783 A.2d 348 (Pa.Super.2001) (dealing with question of credit for time spent incarcerated prior to entering guilty plea); *Commonwealth v. Cozzone,* 406 Pa.Super. 42, 593 A.2d 860 (1991) (affirming credit granted by trial court to DUI offender who spent time in alcohol rehabilitation facility as a condition of bail in order to avoid pretrial imprisonment). *But see Commonwealth v. Mallon,* 267 Pa.Super. 163, 406 A.2d 569, 572 (1979) (ignoring second sentence of section 9760(1) by granting credit for time spent on probation in "isolated" drug rehabilitation facility that had sufficiently restrictive rules and coercive features, *e.g.,* partici-

pants were prohibited from leaving the facility and had to regularly be in their assigned place at any particular time); *Commonwealth v. Usher,* 264 Pa.Super. 435, 399 A.2d 1129 (1979) (holding that defendant qualified for credit on sentence imposed following probation violation for time spent in isolated and restrictive Abraxas drug rehab facility during probation where drug rehab was alternative to incarceration for young first-time drug offenders funded by grant from the Pennsylvania Governor's Council on Drug and Alcohol Abuse).

¶ 7 Thus, I specifically take issue with the following statement in the Majority Opinion, opining that, in *Cox,*

the Supreme Court made no distinction between time served after sentencing and time served awaiting trial, pending sentence, or during appeals. There seems to be no logical reason for making such a distinction. If a person is in a program that is the "equivalent of incarceration," he or she should get the same credit one would get if in state prison or a county jail.

Majority Opinion at 1064. Of course the *Cox* Court made "no distinction between time served after sentencing and time served awaiting trial, pending sentence, or during appeals." *See id.* The *Cox* Court did not need to make this distinction because it was not interpreting or applying section 9760(1); rather, it dealt exclusively with application of the "at liberty on parole" language found in the Parole Act. The Parole Act has different credit provisions than section 9760, as explained above. The Majority indicates that there is "no logical reason" for excluding credit under section 9760(1) for time served on house arrest after sentencing. The Majority makes this assertion in disregard of the second sentence of section 9760(1), which plainly enumerates the specific circum-

stances in which credit may be given. Our job is to discern legislative intent, primarily from the plain language of a statute. The Majority is overstepping its bounds by altering the plain meaning of section 9760(1) by extending credit to persons who are on parole **after** sentencing (with no pending appeal), even though this situation is excluded from the enumerated list of situations qualifying for credit as per the second sentence of section 9760(1). It is up to the legislature to revise the statute if their intent is for people, in circumstances similar to that of Appellant, to have credit for time served on parole under section 9760(1). For now, we should not continue to ignore the second sentence of section 9760(1). For these reasons, I would affirm the judgment of sentence.