COMMONWEALTH of Pennsylvania, Appellee,

v.

Kelly Marie BIRNEY, Appellant.

Superior Court of Pennsylvania.

Submitted Sept. 25, 2006.

Filed Oct. 27, 2006.

---

Helen A. Stolinas, Towanda, for appellant.

Stephen G. Downs, Jr., Asst. Dist. Atty., Towanda, for Com., appellee.

BEFORE: MUSMANNO, BENDER and TAMILIA, JJ.

OPINION BY TAMILIA, J.:

¶ 1 Kelly Marie Birney appeals from the April 12, 2006, Order denying her petition for credit for time served while on electronic monitoring while she was on parole. The facts underlying this appeal, as set forth in the trial court Opinion, follow.

Defendant pled guilty to Access Device Fraud and was sentenced on March 3, 2003, to a term of imprisonment for a minimum of forty-five (45) days and a maximum of eighteen (18) months. By order dated April 29, 2003, the Court approved the Defendant's parole plan and she was paroled effective May 1, 2003. The Bradford County Probation Department (hereinafter "Probation") filed a petition to revoke that parole on January 29, 2004, setting forth an extensive list of parole violations. The Defendant was found to have violated her parole and was remanded to prison on March 9, 2004. A new parole plan was developed and approved and the Defendant was again granted parole effective August 19, 2004. Probation filed a petition to revoke that second parole on April 13, 2005, setting forth another extensive list of parole violations. On May 11, 2005, the Defendant's parole was revoked and she was remanded to prison. Still a third parole plan was developed. This plan called for the Defendant to be subject to house arrest with electronic monitoring. The Defendant accepted parole with those terms and the Court approved the plan and the Defendant was paroled on those terms by Order of August 10, 2005. On January 12, 2006, Probation filed a third petition to revoke parole setting forth a list of violations. The Defendant's third parole was revoked on February 6, 2006 and she was remanded to incarceration. The very next day, February 7, 2006, the Defendant filed the petition for credit for time served while on house arrest with electronic monitoring which is before the Court for disposition.

The Defendant bases her argument *solely* on a 2 to 1 decision of a three judge panel of the Superior Court in *Commonwealth v. Frye*, 853 A.2d 1062 (Pa.Super.2004).[ ] The majority of the *Frye* panel granted the defendant credit for time she had spent on electronic monitoring, because it concluded that the terms of her house arrest were sufficiently restrictive to constitute custody. *Id.* at 1064.

Trial Court Opinion, Mott, J., 4/12/06, at 1–2 (emphasis in original, footnote omitted).

¶ 2 On appeal, appellant again relies solely on *Commonwealth v. Frye*, 853 A.2d 1062 (Pa.Super.2004), and the Commonwealth now agrees appellant is due credit for time served based on *Frye*. We, however, agree with the trial court that based on a subsequent Pennsylvania Supreme Court case, *Commonwealth v. Kyle*, 582 Pa. 624, 874 A.2d 12 (2005), no relief is owed.

¶ 3 A number of legal positions have evolved in the Courts over the past five years addressing the issue of credit for time served while on home confinement/electronic monitoring, beginning with a fractured decision out of Lackawanna County which proposed a case-by-case

test, *Commonwealth v. Chiappini*,[1] 566 Pa. 507, 782 A.2d 490 (2001), a case that was overruled in part by, *Kyle, supra* at 641, 874 A.2d at 22. After *Chiappini*, came the Delaware County 2003 *en banc* Superior court decision in *Commonwealth v. Vanskiver*, 819 A.2d 69 (Pa.Super.2003), which denied credit for time served, but did so employing the case-by-case basis of *Chiappini*, and concluding that the terms of the electronic monitoring were not so restrictive as to be considered "in custody." To the extent *Vanskiver* used the case-by-case test, it also was overruled by *Kyle*. The *Kyle* Court stated, "[w]e also necessarily conclude that *Vanskiver* was wrongly decided to the extent it applied the case-by-case test proposed by the *Chiappini* lead opinion. Although the *Vanskiver* court may have reached the proper result, that result was premised upon its erroneous belief that the *Chiappini* lead opinion was controlling law.[ ] The *Vanskiver* line of cases is hereby disapproved." *Kyle, supra* at 642, 874 A.2d at 23 (footnote omitted).

¶ 4 Following *Vanskiver* was the 2004 Superior Court decision in the Bradford County case of *Frye, supra*, relied upon by appellant, whose case also originated in Bradford County. By a two to one decision, employing the test used in *Chiappini* and *Vanskiver*, this Court allowed credit for time served, concluding the terms of the electronic monitoring required as a condition of the defendant's parole were so restrictive as to be termed "in custody." Following *Frye*, is another 2005, Dauphin County, Superior Court case, *Commonwealth v. Druce*, 868 A.2d 1232 (Pa.Super.2005), *appeal denied*, 586 Pa. 708, 889 A.2d 1213 (2005). *Druce* denied credit for time served to a defendant who was sub-

ject to electronic monitoring while out on bail pending his appeal. Weighing the restraints and limitations of the electronic monitoring system employed by Dauphin County, the Court concluded those factors weighed against a finding of being "in custody." While pursuant to the terms of his bail Druce, a resident of Bucks County, was required to keep in regular touch with his probation officer, "[t]he electronic monitoring was used solely to enforce provisions of an overnight curfew. During non-curfew hours, [Druce] was free to come and go as he pleased." *Id.* at 1238 (citation omitted).

¶ 5 In the 2005, Pennsylvania Supreme Court case of *Commonwealth v. Kyle, supra*, the Court revisited each of the cases previously discussed and, in a six to one decision, announced a bright-line rule that specifically disapproved the case-by-case test, and unconditionally held that time spent subject to electronic monitoring at home is not time spent "in custody" for purposes of credit toward a prison sentence. For this reason, we agree with the trial court's decision to deny appellant's petition for credit for time served.

¶ 6 Order affirmed.

¶ 7 BENDER, J., concurs in the result.

---

1. A four-Justice majority concluded an individual who spent time on home confinement with electronic monitoring has not spent time "in custody" and is not entitled to credit for time served.