J-S53041-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| LAKEISHA S. LEONARD | |
| Appellant | No. 2102 MDA 2015 |

Appeal from the Judgment of Sentence March 13, 2015
in the Court of Common Pleas of Dauphin County Criminal Division
at No(s):CP-22-CR-0002286-2013
CP-22-CR-0004461-2011
CP-22-CR-0004605-2014
CP-22-CR-0004843-2011

BEFORE: BOWES, SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED JANUARY 04, 2017**

Appellant, Lakeisha Leonard, appeals *nunc pro tunc* from the judgment of sentence entered in the Dauphin County Court of Common Pleas following the revocation of her probation. We vacate Appellant's judgment of sentence and remand for resentencing.

Appellant was charged with three counts of bad checks in 4461 CR 2011, one count of bad checks in 4843 CR 2011, forgery, identity theft, and theft by deception (false pretenses) and theft by unlawful taking in 2286 CR 2013. She pleaded guilty and was sentenced on October 8, 2013, to five years' intermediate punishment ("IP"), with house arrest and electronic monitoring for the first four months, and probationary terms.

_____
[*] Former Justice specially assigned to the Superior Court.

Appellant was subsequently arrested on August 6, 2014, and charged with forgery and criminal conspiracy (theft by deception) in 4605 CR 2014. On August 7, 2014, the Dauphin County Adult Probation Department filed a notice of violations in 2286 CR 2013, 4461 CR 2011, and 4843 CR 2011, and cited the new charges in 4605 CR 2015. On January 12, 2015, Appellant pleaded guilty to the new charges in 4605 CR 2014, and was sentenced for criminal conspiracy to time served from August 7, 2014 to January 12, 2015.

On March 13, 2015,[1] the trial court revoked Appellant's IP and probationary sentences in 2286 CR 2013, 4461 CR 2011, and 4843 CR 2011 and sentenced her to one to five years' imprisonment followed by three years' probation. The court did not discuss whether Appellant qualified for a Recidivism Risk Reduction Initiative ("RRRI") sentence. Appellant requested that her trial counsel file a post-sentence motion to modify her sentence. Trial counsel, however, did not file a post-sentence motion or a notice of appeal.

On August 25, 2015, the court docketed Appellant's *pro se* PCRA petition, which alleged ineffective assistance of counsel for failing to file a post-sentence motion. The PCRA court appointed counsel who filed a PCRA

_____

[1] The sentencing order and transcript are dated February 13, 2015. The docket and record, however, reflect an order to transport Appellant for a revocation hearing scheduled for March 13, 2015, and several sentencing forms dated March 13, 2015. Finally, the trial court indicated the revocation hearing occurred on March 13, 2015. Trial Ct. Op. at 2. Accordingly, we presume the revocation and sentencing proceeding occurred in March.

petition alleging ineffective assistance of counsel on October 13, 2015. The counseled petition claimed that Appellant requested trial counsel to ask the court to modify the sentence to account for credit for time served and a request for a RRRI sentence. PCRA Pet., 10/13/15, at 6 (unpaginated). The counseled petition did not allege an excessive sentence. The petition requested an evidentiary hearing, an order permitting Appellant to appear at the hearing, and such relief as the court deemed appropriate. *Id.* at 7. The petition did not explicitly request that the court reinstate her direct appeal rights or grant permission to file a post-sentence motion *nunc pro tunc*.

The Commonwealth filed a response, which agreed that Appellant's trial counsel was ineffective by failing to file a post-sentence motion. Commonwealth's Response to Petitioner's Mot. for Post-Conviction Relief, 11/12/15, at 2 (unpaginated). The Commonwealth indicated it did not object to a reinstatement of Appellant's direct appellate rights. *Id.*

On November 17, 2015, the PCRA court reinstated Appellant's direct appeal rights. PCRA Ct. Order, 11/17/15. The order did not mention whether Appellant could file a post-sentence motion *nunc pro tunc*. Appellant timely filed a direct appeal and timely filed a court-ordered Pa.R.A.P. 1925(b) statement.

On appeal, Appellant raises two issues for review:

> 1. Whether trial counsel was ineffective for failing to file a modification of sentence or appeal on . . . Appellant's behalf?

2. Whether the trial court abused its discretion when sentencing . . . Appellant to an excessive and unreasonable sentence?

Appellant's Brief at 5.

Appellant, the Commonwealth, and the PCRA court agree that Appellant's plea counsel was ineffective for failing to file a requested post-sentence motion. **See** Appellant's Brief at 9; Commonwealth's Brief at 4; PCRA Ct. Op., 2/16/16, at 2. Appellant contends the court failed to consider whether she was eligible for a RRRI sentence, failed to grant her credit for time served, did not put its reasoning for her sentence on the record, and did not consider mitigating circumstance. Appellant's Brief at 9-10.

We first address Appellant's contention that the trial court erred in failing to consider whether she was eligble for RRRI and entitled to credit for time served.

> This Court has held that an attack upon the power of a court to impose a given sentence is a challenge to the legality of a sentence. **Commonwealth v. Lipinski**, 841 A.2d 537, 539 (Pa. Super. 2004); **see also Commonwealth v. Hansley**, 994 A.2d 1150 (Pa. Super. 2010) (challenge to trial court's imposition of RRRI sentence with mandatory minimum sentence constitutes challenge to trial court's sentencing authority).

**Commonwealth v. Robinson**, 7 A.3d 868, 870 (Pa. Super. 2010). Further, a "challenge to the trial court's failure to award credit for time served prior to sentencing involves the legality of a sentence." **Commonwealth v. Johnson**, 967 A.2d 1001, 1003 (Pa. Super. 2009). "Our standard of review over such questions is *de novo* and our scope of

review is plenary." ***Commonwealth v. Brougher***, 978 A.2d 373, 377 (Pa.

Super. 2009) (citation omitted). Therefore, we consider the issues of

Appellant's RRRI eligibility and credit for time served.

RRRI eligibility is set forth by 61 Pa.C.S. § 4503:

> **"Eligible offender."** A defendant or inmate convicted of a criminal offense who will be committed to the custody of the department and who meets all of the following eligibility requirements:
>
> (1) Does not demonstrate a history of present or past violent behavior.
>
> (2) Has not been subject to a sentence the calculation of which includes an enhancement for the use of a deadly weapon as defined under law or the sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing or the attorney for the Commonwealth has not demonstrated that the defendant has been found guilty of or was convicted of an offense involving a deadly weapon or offense under 18 Pa.C.S. Ch. 61 (relating to firearms and other dangerous articles) or the equivalent offense under the laws of the United States . . . .
>
> (3) Has not been found guilty of or previously convicted of or adjudicated delinquent for or an attempt or conspiracy to commit a personal injury crime as defined under section 103 of the act of November 24, 1998 (P. L. 882, No. 111), known as the Crime Victims Act, except for an offense under 18 Pa.C.S. § 2701 (relating to simple assault) when the offense is a misdemeanor of the third degree, or an equivalent offense under the laws of the United States or one of its territories or possessions, another state, the District of Columbia, the Commonwealth of Puerto Rico or a foreign nation.
>
> (4) Has not been found guilty or previously convicted or adjudicated delinquent for violating any of the following provisions or an equivalent offense under the laws of the United States or one of its territories or possessions,

another state, the District of Columbia, the Commonwealth of Puerto Rico or a foreign nation:

18 Pa.C.S. § 4302(a) (relating to incest).

18 Pa.C.S. § 5901 (relating to open lewdness).

18 Pa.C.S. Ch. 76 Subch. C (relating to Internet child pornography).

Received a criminal sentence pursuant to 42 Pa.C.S. § 9712.1 (relating to sentences for certain drug offenses committed with firearms).

Any offense for which registration is required under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

(5) Is not awaiting trial or sentencing for additional criminal charges, if a conviction or sentence on the additional charges would cause the defendant to become ineligible under this definition.

(6) Has not been found guilty or previously convicted of violating section 13(a)(14), (30) or (37) of the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, where the sentence was imposed pursuant to 18 Pa.C.S. § 7508(a)(1)(iii), (2)(iii), (3)(iii), (4)(iii), (7)(iii) or (8)(iii) (relating to drug trafficking sentencing and penalties).

61 Pa.C.S. § 4503(1)-(6) (footnotes omitted).

The court is required to ascertain whether the defendant is eligible for

a RRRI sentence:

**(b.1) Recidivism risk reduction incentive minimum sentence.—**The court shall determine if the defendant is eligible for a recidivism risk reduction incentive minimum sentence under 61 Pa.C.S. Ch. 45 (relating to recidivism risk reduction incentive). If the defendant is eligible, the court shall impose a recidivism risk reduction incentive minimum sentence in addition to a minimum sentence and

> maximum sentence except, if the defendant was previously sentenced to two or more recidivism risk reduction incentive minimum sentences, the court shall have the discretion to impose a sentence with no recidivism risk reduction incentive minimum.

42 Pa.C.S. § 9756(b.1).

> Accordingly, where the trial court fails to make a statutorily required determination regarding a defendant's eligibility for an RRRI minimum sentence as required, the sentence is illegal. . . . [The defendant's] issue presents a non-waivable challenge to the legality of [the] sentence.

*Robinson*, 7 A.3d at 871. In *Robinson*, the trial court denied the defendant's request to determine her eligibility for a RRRI sentence. *Id.* at 870. The court reasoned "that imposition of the negotiated sentence in this case precluded application of the RRRI." *Id.* at 874. Because the trial court's reasoning was flawed, the *Robinson* Court vacated the defendant's judgment of sentence and remanded to have the court ascertain whether she was RRRI eligible. *Id.* at 875.

Instantly, the trial court conceded that at Appellant's sentencing hearing, it failed to ascertain whether she was qualified for a RRRI sentence. *See* Trial Ct. Op. at 3 ("It does appear that Appellant qualifies as RRRI eligible, and we do acknowledge that should have been determined at sentencing."). Accordingly, because Appellant's sentence is illegal, *see Robinson*, 7 A.3d at 871, we vacate the judgment of sentence and remand for resentencing, including a determination of RRRI eligibility. *See id.* at 875.

- 7 -

Appellant also alleges that she is entitled to the following additional credit for time in custody: (1) October 8, 2013 to March 8, 2014; (2) March 6, 2015 to March 17, 2015; and (3) November 2, 2015 to January 14, 2016. Appellant's Brief at 17. We conclude that Appellant has not established a right to relief, but direct the trial court to consider whether Appellant is entitled to credit on remand.

This Court has stated:

> The sentencing code provides:
>
> ### § 9760. **Credit for time served**
>
> After reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:
>
> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of conduct on which such a charge is based. Credit shall include credit for the time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.
>
> 42 Pa.C.S.A. § 9760(1) . . . . "The principle underlying section 9760 is that a defendant should be given credit for time spent in custody prior to sentencing for a particular offense." "If a defendant . . . remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence." "Where an offender is incarcerated on both a Board [of Probation and Parole] detainer and new criminal charges, all time spent in confinement must be credited to either the new sentence or the original sentence." The Department of Corrections, an executive agency, has no power to change

sentences, or to add or remove sentencing conditions, including credit for time served; this power is vested in the sentencing court.

**Commonwealth v. Mann**, 957 A.2d 746, 749 (Pa. Super. 2008) (some citations and emphases omitted).

"Pennsylvania appellate courts consistently have interpreted section 9760's reference to 'custody' as confinement in prison or another institution." **Commonwealth v. Martz**, 42 A.3d 1142, 1145 (Pa. Super. 2012) (citation omitted). "[T]ime spent subject to electronic monitoring at home is not time spent 'in custody' for purposes of credit toward a prison sentence." **Commonwealth v. Birney**, 910 A.2d 739, 741 (Pa. Super. 2006) (citation omitted).

At the outset, we note that Appellant's boilerplate assertions fail to establish that she was in custody based on the instant charges. In any event, the 151 days from October 8, 2013, to March 8, 2014, occurred after Appellant was sentenced to IP and probation, but before the instant revocation proceeding was commenced. Therefore, no record evidence suggests Appellant was in custody on the instant charges. **See Mann**, 957 A.2d at 749; **Birney**, 910 A.2d at 741.

Next, the five days between March 6 and March 11, 2015, occurred between the imposition of the January 12, 2015 time-served sentence in 4605 CR 2014 and the instant March 13, 2015 revocation proceeding. A review of the record and the publicly available dockets reveals the following.

On January 20, 2015, Appellant was sentenced to nine months to twenty three months' imprisonment in Cumberland County following the revocation of her probation in that County. Docket, CP-21-CR-0003144-2012, at 7. On February 4, 2015, the trial court issued a writ of *habeas corpus* directing the transportation of Appellant from Cumberland County Prison to Dauphin County for the March 13, 2015 revocation proceeding in Dauphin County.[2] *See* Order, 2/4/15. Accordingly, we discern no basis to conclude that Appellant was in custody from March 6 to March 11, 2015, due to the instant matter. *See Mann*, 957 A.2d at 749.

Lastly, the seventy-three days from November 2, 2015, to January 14, 2016, accrued **after** the imposition of the instant sentence following revocation and during this appeal. To the extent that Appellant was in custody for these seventy-three days as a result of the sentence following revocation, Appellant would be entitled to credit for this time. *See* 42 Pa.C.S. § 9760(1) ("Credit shall include credit for the time spent in custody . . . pending the resolution of an appeal.").

Therefore, we vacate the March 13, 2015 sentence and remand for resentencing, including determinations of RRRI eligibility and whether Appellant is entitled to any additional credit for time in custody in the instant matter.

---

[2] Appellant was paroled in Cumberland County effective September 4, 2015. CP-21-CR-0003144-2012, at 8.

Appellant also challenges the discretionary aspects of her sentence. Although Appellant did not file a post-sentence motion *nunc pro tunc*, it appears that the PCRA court, when reinstating her direct appeal rights, considered her post-sentence claims. **See** Trial Ct. Op. at 2-3. Appellant set forth in her brief a concise statement of reasons relied on for allowance of appeal, asserting, *inter alia*, that the trial court "failed to put the reasoning for the state incarceration on the record . . . ." Appellant's Brief at 12.

We conclude Appellant has preserved a claim that the trial court failed to state its reasons for the sentence imposed and agree relief is due in light of this Court decision in **Commonwealth v. Flowers**, ___ A.3d ___, ___, 2016 WL 6157509 at *7 (Pa. Super. Oct. 24, 2016). Thus, on remand, the trial court shall also "articulate reasons for the new sentence." **Id.**

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judge Shogan joins the memorandum.

Judge Bowes concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/4/2017

- 11 -