J-S81008-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| STEPHEN HURD | |
| Appellant | No. 908 EDA 2016 |

Appeal from the Judgment of Sentence January 17, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0208691-2005
MC-51-CR-0018430-2012
MC-51-CR-0024860-2012

BEFORE: BOWES AND MOULTON, JJ., AND STEVENS, P.J.E.*

MEMORANDUM BY BOWES, J.:                    **FILED MARCH 21, 2017**

Stephen Hurd appeals from his aggregate judgment of sentence of forty-six and a half months to 107 months incarceration imposed after he was found to be in violation of three probationary sentences. After review, we vacate judgment of sentence at case number 208691 of 2005. We affirm the remaining two sentences.

This matter involves three separate cases and multiple probation violation proceedings spanning almost a decade. The first case, action number 208691 of 2005, dates back to December 3, 2004, when Andrew Cappo reported that his vehicle had been stolen during the workday. Later that evening, Appellant was observed operating the vehicle. He was

_____
* Former Justice specially assigned to the Superior Court.

arrested and charged with four crimes, three of which were *nolle prossed* pursuant to a negotiated plea agreement. Appellant pleaded guilty to the remaining count of receipt of stolen property, graded as a felony of the third degree. On May 12, 2005, the trial court[1] accepted and imposed the negotiated sentence of six to twenty-three months confinement followed by one year of probation. On October 7, 2005, the trial court granted Appellant's petition for early parole.

While still on parole, Appellant committed another crime[2] and, as a result, was found to be in direct violation of the judge's county parole. On January 18, 2007, the court terminated parole, anticipatorily revoked probation, and re-sentenced Appellant to thirty to sixty months of state incarceration followed by two years probation. Since the trial court

_____

[1] We note that the Honorable Genece Brinkley presided over the 2005 plea and all the violation hearings in these three cases.

[2] The trial court's Pa.R.A.P. 1925(a) opinion states that Appellant appeared before the Honorable William Furber, Jr. on October 13, 2006, and entered a guilty plea. Appellant's docket indicates several aliases, including Stephen Crompton; the Court of Common Pleas Case Management System indicates that a Stephen Crompton pleaded guilty to receiving stolen property, graded as a felony of the third degree, on October 13, 2006 before Judge Furber in Montgomery County, with a sentence of nine to twenty-three months of incarceration followed by two years probation.

https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=
CP-46-CR-0003841-2006

terminated parole, Appellant did not fully serve the first sentence imposed. On July 1, 2009, Appellant was released on parole.

In February 2012, while serving the court's probationary tail sentence, a probation detainer was issued. On March 13, 2012, the court revoked probation and imposed a new sentence of two years probation. On May 5, 2012, Appellant stole items valued at $92.00 from Toys "R" Us, and was charged, at action number 18430 of 2012, with one count of retail theft, graded as a misdemeanor of the second degree. On June 18, 2012, he took items valued at $184.60 from Rite Aid, and was charged, at case number 24860 of 2012, with one count of retail theft, graded as a misdemeanor of the first degree. These two cases were consolidated for a plea on October 12, 2012; Appellant received a concurrent period of two years of probation at each case.

The aforementioned convictions resulted in yet another probation violation before the court concerning the receipt of stolen property conviction. On March 1, 2013, the trial court revoked probation and imposed a new sentence of eleven and one-half to twenty-three months incarceration. Appellant was ordered to serve the sentence at Hoffman Hall.[3] On October 29, 2013, his petition for early parole was granted.

_____

[3] Hoffman Hall is contracted by the Philadelphia Prison System and is designed for low to medium risk offenders with drug and alcohol dependency
*(Footnote Continued Next Page)*

Appellant was arrested on November 11, 2013 for trespassing at a casino. The next day, Appellant failed to appear for a drug test. In December, Appellant tested positive for PCP. The trespassing charge was dropped, but Appellant failed to appear at a scheduled violation hearing before another judge. A bench warrant was issued, which was cleared when a police officer stopped Appellant on an unrelated matter.

On January 17, 2014, the trial court (hereinafter "VOP court") held a violation and re-sentencing hearing[4] at all three cases. Appellant was found in direct violation, and, as a result, parole was revoked on the receiving stolen property charge. Appellant was properly ordered to serve the back time in jail for the receipt of stolen property. *Commonwealth v. Kalichak*, 943 A.2d 285 (Pa.Super. 2008) (parole revocation does not involve imposition of new sentence; court must recommit defendant to serve balance of original sentence, with ability to again grant parole). With respect to the retail theft cases, the VOP court revoked probation and

_____
*(Footnote Continued)*

issues. *See* http://www.cecintl.com/reentry/residential-reentry-locations/hoffman-hall/

[4] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973) (defendant accused of violating probation is entitled to two hearings: 1) a pre-revocation hearing to determine probable cause of a violation; and 2) a revocation hearing to establish violation and determine whether revocation is warranted).

The docket indicates that the *Gagnon I* hearing was held on January 10, 2014.

elected to impose total confinement. Appellant received statutory maximum terms of two and one-half to five years incarceration and one to two years incarceration at the corresponding retail theft charges. All three sentences were imposed consecutively.

Appellant filed a post-sentence motion for reconsideration, which was denied. Appellant did not appeal; however, Appellant's appellate rights were reinstated *nunc pro tunc*. Appellant raises two issues for our review:

> I. Was the aggregate sentence imposed by the trial court, which was 5 ½ to 7 years in state prison unjust, improper, manifestly unreasonable, and an abuse of discretion because the sentence imposed of total incarceration was contrary to the fundamental norms which underlie the sentencing process and was not necessary to vindicate the authority of the Court?
>
> II. Was the sentence imposed by the trial court illegal because including the initial sentence of the court on the receiving stolen property offense of 11 1/2 to 23, plus 1 year probation including the subsequent VOP sentences the entire sentence imposed was longer than the maximum authorized allowable sentence of 7 years and because the probation had terminated prior to the appellant's violations and the trial court did not give the appellant credit for time served?

Appellant's brief at 2.

Appellant's first claim concerns the discretionary aspects of sentencing. Preliminarily, we note that Appellant's calculation of the total sentence, of five and one-half to seven years confinement, is incorrect. A sentence of five and one-half to seven years of incarceration would be illegal. 42 Pa.C.S. § 9756(b)(1) (minimum sentence of total confinement shall not exceed one-half of the maximum sentence). The actual aggregate

term was forty-two months to eighty-four months of incarceration at the retail theft charges, plus the remaining sentence on his county sentence of eleven and one-half to twenty-three months. The minimum term of confinement at the two retail theft counts was reduced to thirty-five months, due to application of the Recidivism Risk Reduction Incentive. 61 Pa.C.S. §§ 4501-4512.[5]

When reviewing a criminal sentence, we apply the following standard of review.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Antidormi***, 84 A.3d 736, 760 (Pa.Super. 2014) (citing ***Commonwealth v. Robinson***, 931 A.2d 15, 26 (Pa.Super. 2007)). However, the right to appeal the discretionary aspects of a sentence is not absolute. We determine whether Appellant has invoked this Court's jurisdiction by examining the following four criteria:

> (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly

_____

[5] The remaining balance of the county sentence was not specified. Thus, the VOP court applied the calculation of the reduction to the forty-two to eighty-four months of incarceration at the two retail theft crimes.

preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief [complies with] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. McLaine*, 150 A.3d 70, 76 (Pa.Super. 2016) (citing *Commonwealth v. Samuel*, 102 A.3d 1001, 1006–07 (Pa.Super. 2014)). The first three requirements have been met.

We also conclude that Appellant has satisfied the substantial question requirement. As a prefatory matter, we note that Appellant does not clearly delineate one or more substantial questions for our review. He alleges that the trial court violated the "fundamental norms which underlie the sentencing process . . . [which] were not necessary to vindicate the authority of the Court[.]" Appellant's brief at 3.

The general sentencing provisions mandate that the court select from one or more of seven alternatives, including total confinement. 42 Pa.C.S. § 9721(a). In selecting one of these options, the court is required to consider a sentence that "is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." *Id.* However, § 9771 separately governs the trial court's ability to impose total confinement following revocation of probation; the court may do so only if it finds one of three conditions has been met:

(c) Limitation on sentence of total confinement.--The court shall not impose a sentence of total confinement upon revocation unless it finds that:

> (1) the defendant has been convicted of another crime; or
>
> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>
> (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c). Thus, the § 9771(c) factors, standing alone, govern only the VOP court's ability to impose total confinement at all, and do not speak to the **length** of confinement. We unequivocally held in **Commonwealth v. Cartrette**, 83 A.3d 1030 (Pa.Super. 2013) (*en banc*), that a VOP court must follow § 9721(b) in tandem with § 9771. Thus, this Court's scope of review in appeals from revocation sentences encompasses the discretionary aspects of the sentence. "Such issues should not escape review merely because a defendant's revocation sentence falls within the statutory limits." **Id**. at 1038.

Post-**Cartrette**, our Supreme Court decided **Commonwealth v. Pasture**, 107 A.3d 21 (Pa. 2014), which reversed a decision from this Court vacating a revocation sentence, holding that we erroneously applied certain sentencing provisions, and, as a result, gave "insufficient deference to the revocation court's imposition of the sentence following the revocation of [appellant]'s probation[.]" **Id**. at 22. **Pasture** noted that a trial court's

initial sentencing decision is afforded broad discretion, because the court "sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed." *Id*. at 27 (citing *Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007)). *Pasture* went on to observe that this rationale applies with even more force in the revocation context:

> The sentencing court's institutional advantage is, perhaps, more pronounced in fashioning a sentence following the revocation of probation, which is qualitatively different than an initial sentencing proceeding. At initial sentencing, all of the rules and procedures designed to inform the court and to cabin its discretionary sentencing authority properly are involved and play a crucial role. However, it is a different matter when a defendant reappears before the court for sentencing proceedings following a violation of the mercy bestowed upon him in the form of a probationary sentence. For example, in such a case, contrary to when an initial sentence is imposed, the Sentencing Guidelines do not apply, and the revocation court is not cabined by Section 9721(b)'s requirement that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant."

*Id*. at 27. In *Commonwealth v. Derry*, 150 A.3d 987 (Pa.Super. 2016), we rejected the Commonwealth's argument that *Pasture*, as a matter of law, dictated that no substantial question is presented for our review in VOP cases:

> [T]he Commonwealth argues that our Supreme Court, in **Commonwealth v. Pasture**, 630 Pa. 440, 107 A.3d 21, 27 (2014), held that Section 9721(b) does not apply to a sentence imposed for a VOP and, therefore, that a sentence's inconsistency with Section 9721(b) factors does not present a substantial question for our review on the basis that a sentence is "inconsistent with a specific provision of the Sentencing Code." Commonwealth's Brief, at 6–7; **Moury**, 992 A.2d at 170 (quoting from **Sierra** 752 A.2d at 912–13).

**Id**. at 992. We highlighted the foregoing passage from **Pasture**, and noted that the Commonwealth's interpretation contradicted **Cartrette**, **supra**. We resolved the apparent discrepancy between **Cartrette** and **Pasture** by observing that **Pasture** held a revocation court is not cabined by § 9721(b):

> This discrepancy between this Court's unanimous *en banc* decision in **Cartrette**, and our Supreme Court's decision in **Pasture**, turns on the Supreme Court's use of the term, "cabined," in the phrase, "the revocation court is not *cabined* by Section 9721(b)'s requirement that 'the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.' " **Pasture**, 107 A.3d at 27 (emphasis added).

> The Commonwealth would have us interpret 'cabined' in this context to mean, effectively, 'need not consider at all.' **See** Commonwealth's Brief, at 7 ("Plainly, the revocation court could not have violated a provision of the Sentencing Code that did not apply to [Appellant]'s case."). This interpretation contradicts the more nuanced view expressed in **Cartrette** regarding the applicability of Section 9721(b) to VOP sentences:

>> While *parts* of § 9721(b) do not govern revocation proceedings, as our sentencing guidelines are not required to be consulted in such instances, **see** 204 Pa.Code. § 303.1(b), *other provisions of that section do apply*. *For example, the sentencing court must "follow the general principle that the sentence*

- 10 -

> *imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b).* In addition, in all cases where the court "resentences an offender following revocation of probation, county intermediate punishment or State intermediate punishment or resentences following remand, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." ***Id.*** Failure to comply with these provisions "shall be grounds for vacating the sentence or resentence and resentencing the defendant." ***Id.***

*Cartrette*, 83 A.3d at 1040–41 (emphasis added).

*Id*. at 993. ***Derry*** ultimately concluded that a "VOP sentencing court must consider [the § 9721(b)] factors, but must also consider factors set forth in Section 9771(c), which are unique to VOP sentences." ***Id***. at 995. ***Derry*** accepted the claim that "the aggregate VOP sentence imposed by the court was manifestly excessive and unreasonable" constituted a substantial question. ***Id***. at 995.

Herein, Appellant does not clearly distinguish the decision to impose total confinement under § 9771(c) from the decision fixing the length of that confinement. Appellant's substantial question argument largely treats the questions of whether the court erred in electing to impose total confinement at all and the resulting length of confinement as one overarching issue.

> The sentence imposed by the trial court was unjust, improper, manifestly unreasonable, and an abuse of discretion because the

> sentence imposed was contrary to the fundamental norms which underlie the sentencing process . . . when the reasons stated for total confinement were not necessary to vindicate the authority of the court.
> . . . .
>
> The . . . sentence did not consider any of the factors required by 42 Pa.C.S. § 9721(b) and did not consider the defendant's age, family history and rehabilitative needs.

Appellant's brief at 3.

We find that Appellant has raised a substantial question for our review. However, in light of the foregoing discussion of **Pasture** and **Derry**, we address Appellant's claim as comprising two distinct substantial questions. The first is the asserted failure to consider, *inter alia*, the general principles of § 9721(b) in electing to impose a sentence of total confinement under § 9771. We separately address the claim that the resulting length of incarceration was manifestly excessive and unreasonable.

Having determined Appellant has properly invoked our jurisdiction, we now turn to the substantive merits. First, we quickly dispose of Appellant's claim that the failure of the court to order a pre-sentence report requires reversal. This argument was squarely rejected by **Pasture**. Consistent with the institutional advantage rationale employed by **Pasture**, the Court held that nothing requires the judge, who already had the benefit of a full record and a pre-sentence report, to order another pre-sentence report. **Id**. at 28.

Hence, we cannot find that the court's failure to order a report is an abuse of discretion.[6]

We also find that the trial court's decision to impose total confinement was not an abuse of discretion. The VOP court noted that Appellant's inability to treat his drug and alcohol problems while on probation, combined with his multiple technical violations and the failed treatment at Hoffman Hall, factored heavily in its decision to impose total confinement:

> THE COURT: Well, see, my involvement with [Appellant] dates back to 2005. I've been giving him numerous opportunities to try to get himself together since 2005. It's now 2014. And I just sent him to Hoffman Hall. If Hoffman Hall doesn't turn a person around, in my view, then there's nothing that the county can do for them.

N.T., 1/17/14, at 21. Therefore, the trial court clearly found that "probation has proven to have been an ineffective vehicle to accomplish rehabilitation and not sufficient to deter against future antisocial conduct." *Commonwealth v. Infante*, 888 A.2d 783, 791 (Pa. 2005) (citation omitted). Hence, the court clearly considered Appellant's need for rehabilitation, as weighed against the past rehabilitative failures and the court's need to vindicate its own authority, in electing to impose total confinement. As a result, we cannot question the judge's weighing of the §

---

[6] The record does not indicate whether the court ordered or considered a pre-sentence report, and Appellant did not object or ask the court to order a new one. *Commonwealth v. Pasture*, 107 A.3d 21, 28, n.6.

- 13 -

9721(b) factors as balanced against the § 9771(c) considerations, and find no abuse of discretion.

Next, we address the separate question of whether the length of the sentence is excessive. Appellant avers that the imposition of consecutive state sentences is unreasonable and not necessary to vindicate the authority of the court. For the following reasons, we do not agree.

First, we note that there is a clear distinction between a claim attacking the length of one of the two individual sentences, *i.e.*, the fact that the statutory maximum penalty was imposed at each retail theft count, and the resulting aggregate length when the sentences are imposed consecutively. **See Commonwealth v. Coulverson,** 34 A.3d 135, 143 (Pa.Super. 2011) (substantial question raised where statutory maximum was imposed); **Derry**, **supra** (finding challenge that aggregate VOP sentence was manifestly excessive and unreasonable raises a substantial question). That Appellant appears to raise two different types of claims is not an impediment to our review, as we ultimately conclude Appellant is not entitled to relief in any event.

Generally speaking, when reviewing a claim that the length of a sentence is manifestly excessive, our starting point is the length of a sentence starts with the applicable sentencing guidelines. "[O]n appeal, a defendant 'must provide a separate statement specifying where the sentence falls in the sentencing guidelines[.]'" **Commonwealth v. Naranjo**, 53 A.3d

- 14 -

66, 72 (Pa.Super. 2012) (citation omitted). However, the sentencing guidelines do not apply to sentences imposed following a revocation of probation. 204 Pa.Code § 303.1(b). Thus, we are confined by the statutory mandates of 42 Pa.C.S. § 9721(b). As we explained in **Commonwealth v. Williams**, 69 A.3d 735 (Pa.Super. 2013), a case finding a manifestly excessive revocation sentence:

> [B]ecause sentencing guidelines do not apply to sentences imposed following a revocation of probation, in this case we look solely to the provisions of 42 Pa.C.S. § 9721(b). **Commonwealth v. Coolbaugh**, 770 A.2d 788, 792 (Pa.Super.2001). Section 9721(b) provides in pertinent part as follows:
>
>> [T]he court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.
>
> 42 Pa.C.S. § 9721(b).

**Id**. at 741.

After careful review of the record, we cannot find that the VOP court abused its discretion under the **Pasture** court's pronouncements and the high degree of deference owed to the VOP court. As we explained *supra*, the trial court clearly considered these 9721(b) principles; it simply weighed them in tandem with the 9771(c) requirements, in particular, the need for the VOP court to vindicate its authority. The VOP court, after imposing sentence, stated the following:

- 15 -

For the record, the defendant is requesting, at the bar of the court, that defense counsel file motions for reconsideration and appeal. And for the record, this sentence is absolutely necessary to vindicate the authority of the [c]ourt.

This defendant has repeatedly disregarded the probation officer's requests to him, repeatedly disregarded this [c]ourt's order, has not paid a dime towards the $3,000, and has never reported in the fashion that he's reported to, and I incorporate what the probation officer indicated today, that he never – when he was supposed to come, he didn't come. When he was supposed to pay, he didn't pay. And he showed up and gave a positive urine and walked away from other urines.

Those have been the same activities that he's engaged in for the entire course of my sentence since 2005. This sentence is absolutely necessary to vindicate the authority of this [c]ourt.

N.T.,1/17/14, at 26-27.

We cannot deem that decision an abuse of discretion. We do not doubt that the imposition of consecutive, statutory maximum sentences for two minor retail theft crimes could constitute an unreasonable sentence. Appellant received the most severe sentence possible, and the instant violations—missing probation violations, failure to appear at hearings, and testing positive for PCP—are technical in nature. Yet the severity of the particular violations cannot be considered in isolation. The instant sentence represents the culmination of almost a decade of appearances before the VOP court, and four prior violations. Appellant was still serving a probationary sentence from the 2004 sentence in 2013, when the trial court imposed a county sentence and ordered Appellant to serve the sentence at Hoffman Hall. The VOP court granted two petitions for early parole,

extended mercy to Appellant when pleading guilty to the retail thefts, and drew on almost a decade's worth of experience with this offender. We are loath to question the trial court's judgment that this sentence, while harsh, was necessary to vindicate its authority. The record adequately demonstrates that the court relied on Appellant's whole history while on probation, and determined that the sentence was necessary to vindicate its authority in spite of the § 9721(b) factors.

Finally, we note that **Pasture**, **supra** arguably suggests that the VOP court's decision regarding the length of sentence is subject to an even higher deferential standard of review than applies to the initial sentencing:

> In point of fact, where the revocation sentence was adequately considered and sufficiently explained on the record by the revocation judge, in light of the judge's experience with the defendant and awareness of the circumstances of the probation violation, under the appropriate deferential standard of review, the sentence, if within the statutory bounds, is peculiarly within the judge's discretion.

**Id**. at 28-29. **Pasture** inserted peculiarly as a modifier to "within the judge's discretion," which suggests that we review a revocation sentence with greater deference than the initial sentencing decision.[7] **Derry**, **supra** also suggested that **Pasture** may require a higher degree of deference. "As the **Pasture** Court suggested, review of the discretionary aspects of a VOP

---

[7] That same phrase is used, for example, in reviewing the award of counsel fees, which applies a plain error standard. **Estate of McClatchy**, 424 A.2d 1227, 1230 (Pa. 1981).

court's sentence with regard to Section 9721(b) factors may, as a practical matter, dictate a greater degree of deference from a reviewing court[.]" **Id** at 995, n.2. While we do not read **Pasture** as abandoning the abuse of discretion standard, we are mindful that **Pasture** directs this Court to consider the institutional advantage of the VOP court, an advantage that is surely more pronounced due to the court's long history with Appellant.

We now address Appellant's second claim, which avers that his probationary sentence for receipt of stolen property expired prior to the instant revocation proceeding, or, in the alternative, that the VOP court failed to apply time credit, meaning he will serve more than the statutory maximum of seven years. We address both arguments together.

The original sentence was six to twenty-three months, effective May 12, 2005, with no time credit. The certified record reveals that the trial court granted a petition for early parole on October 7, 2005. Therefore, Appellant served 148 days of that sentence in the county facility. Appellant was not re-incarcerated on this receipt of stolen property charge until January 18, 2007, when the court terminated parole, anticipatorily revoked probation, and re-sentenced Appellant to thirty to sixty months of incarceration, effective the same day, followed by two years probation.

This sentence was illegal.[8] The total sentence imposed was the statutory maximum for the receipt of stolen property charge; however, the VOP court did not apply any time credit. Order, 1/18/2007, at 1 ("This sentence shall commence on January 18, 2007."). At minimum, Appellant was entitled to the 148 days he served in the county facility, plus any time served on parole that would constitute the equivalent of time in jail. *See Commonwealth v. Frye*, 853 A.2d 1062 (Pa.Super. 2004) (concluding that defendant was entitled to credit for period of time on house arrest under electronic monitoring while on parole, as such time was "equivalent of time spent in the county jail.").

Next, we note that the Rule 1925(a) opinion states that Appellant was paroled from this state sentence on July 1, 2009. No further action occurred until February of 2012, when a probation detainer was lodged. We note that, by its terms, Appellant's sentence of thirty to sixty months, which was imposed on January 18, 2007 with no time credit, meant that his probationary tail commenced on January 18, 2012. In other words, his state sentence expired no later than January 18, 2012, and Appellant was serving only the probationary tail sentence in February of 2012 when the detainer was issued.

_____

[8] We note that we are not revisiting the legality of this sentence, but rather the legality of the subsequent revocation of the probationary tail and corresponding parole revocation.

- 19 -

The VOP court subsequently revoked that probationary tail and imposed a new sentence of eleven and one-half to twenty-three months of incarceration, which was re-imposed on January 17, 2014. **Kalichak**, **supra**. For the foregoing reasons, this sentence was similarly illegal, as it failed to account for the required time credit. Thus, the instant January 17, 2014 parole revocation sentence is illegal.

We are cognizant of the fact that this maximum term of twenty-three months of incarceration, when added to the five year sentence Appellant successfully served, would indeed fall short of seven years. However, that calculation ignores the fact that Appellant served at least 148 days that should have been applied towards the initial state sentence. Hence, the instant sentence of eleven and one-half to twenty-three months exceeded the statutory maximum sentence and is illegal. As we explained in **Commonwealth v. Crump**, 995 A.2d 1280, 1283–84 (Pa.Super. 2010):

> When determining the lawful maximum allowable on a split sentence, the time originally imposed cannot exceed the statutory maximum. Thus, where the maximum is ten years, a defendant cannot receive a term of incarceration of three to six years followed by five years probation. However, in a situation where probation is revoked on a split sentence, as in the case *sub judice,* a defendant is not entitled to credit for time spent on probation. Nor is a defendant automatically granted credit for time served while incarcerated on the original sentence **unless the court imposes a new sentence that would result in the defendant serving time in prison in excess of the statutory maximum**.

- 20 -

*Id*. at 1283-84 (citations omitted, emphasis added). Accordingly, we must vacate the sentence and remand for proceedings consistent with this memorandum. We reject Appellant's alternative challenge that he was no longer serving a probationary sentence, as the procedural history set forth above demonstrates that Appellant never completed his probationary sentence.

Judgment of sentence at case number 208691 of 2005 is vacated and remanded. Judgment of sentence at the remaining case numbers is affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/21/2017