J-S21041-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| STEVIE D. DEAN, | : | |
| | : | |
| Appellant | : | No. 1632 WDA 2016 |

Appeal from the Judgment of Sentence June 29, 2016
in the Court of Common Pleas of Mercer County
Criminal Division at No(s): CP-43-CR-0000046-2016

BEFORE:    LAZARUS, DUBOW, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED MAY 26, 2017**

Stevie D. Dean (Appellant) appeals from the aggregate judgment of sentence of four to ten years of imprisonment, plus costs and restitution, entered after he pled guilty to robbery and resisting arrest.  Appellant's counsel has filed a petition to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We grant counsel's petition and affirm Appellant's judgment of sentence.

On July 2, 2014, Appellant and his alleged co-conspirators entered into the home of a 71-year-old man and inflicted serious bodily injury upon him during the theft of his firearms and electronics; Appellant also attempted to flee during his arrest on that date.  ***See***, ***e.g.***, Criminal Information, 2/12/2016, at Counts 3, 5.  Charges were brought against Appellant in July

_____
*Retired Senior Judge assigned to the Superior Court.

2014 at docket number CP-43-CR-0001013-2014, but ultimately were *nolle prossed* by the Commonwealth without prejudice. In October 2015, the Commonwealth charged Appellant in the instant case with 20 counts stemming from the events of July 2, 2014.

On April 14, 2016, Appellant pled guilty to resisting arrest and one count of robbery and agreed to testify against a co-conspirator, in exchange for which the Commonwealth *nolle prossed* the remaining counts, agreed to standard-range, concurrent sentences not to exceed ten years, and affirmed that it would not oppose Appellant's parole at his minimum sentence. Order, 4/15/2016.

On June 29, 2016, Appellant was sentenced according to the plea agreement, based upon a prior record score (PRS) of four.[1] Appellant timely filed a post-sentence motion, wherein he argued that the proper PRS was three rather than four. At the hearing on Appellant's motion, the trial court indicated that it found merit in the claim, but that it would no longer accept the plea agreement with the lower standard range sentences that were available using a PRS of three. N.T., 9/7/2016, at 2. Therefore, if Appellant pursued his motion, the trial court would vacate the sentence and put the case back on the trial list, although Appellant had already testified against his co-conspirators and given statements that could be used by the

_____

[1] Appellant's counsel agreed at the sentencing hearing that Appellant's PRS was four. N.T., 6/29/2016, at 9.

Commonwealth against Appellant. ***Id.*** at 2-4. Appellant ultimately chose to follow counsel's advice to withdraw the motion to modify sentence. ***Id.*** at 5.

On September 28, 2016, Appellant *pro se* filed a notice of appeal and an application for the appointment of counsel. The trial court entered an order providing that plea counsel's appearance was thereby withdrawn, and appointing new counsel to represent Appellant on appeal. Order, 9/29/2016. After a post-appeal conference, the trial court ordered Appellant to file a concise statement of errors complained of on appeal, and Appellant timely complied.

In this Court, Appellant's counsel filed both an ***Anders*** brief and a petition to withdraw as counsel. Accordingly, the following principles guide our review of this matter.

> Direct appeal counsel seeking to withdraw under ***Anders*** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an ***Anders*** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….
>
> ***Anders*** counsel must also provide a copy of the ***Anders*** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of ***Anders***, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with ***Anders*** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy ***Anders***, we will then undertake our

own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

***Commonwealth v. Wrecks***, 931 A.2d 717, 720-21 (Pa. Super. 2007)

(citations omitted). Our Supreme Court has clarified portions of the ***Anders***

procedure:

[I]n the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

Based upon our examination of counsel's petition to withdraw and ***Anders*** brief, we conclude that counsel has substantially complied with the technical requirements set forth above.[2] Therefore, we now have the responsibility "'to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" ***Commonwealth v. Flowers***, 113 A.3d 1246, 1249 (Pa. Super. 2015) (quoting ***Santiago***, 978 A.2d at 354 n. 5).

---

[2] Appellant has not filed a response to counsel's motion.

- 4 -

In his **Anders** brief, counsel offers the following issues of arguable merit.

I.      Whether the trial court erred when [it] failed to credit Appellant for the time served in incarceration from July 2, 2014 through January 8, 2015, and for the time served on house arrest from January 8, 2015 through February 3, 2015?

II.     Whether the trial court erred when [it] sentenced Appellant based upon [its] calculation of Appellant's [PRS] as a four (4)?

III.    Whether the trial court erred when [it] failed to properly memorialize the filing and resolution of Appellant's motion addressing Rule 600 issues?

**Anders** Brief at 4 (unnecessary capitalization omitted).

We first consider whether the trial court failed to award Appellant the required credit for time served. The relevant statute provides as follows.

(1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

* * *

(4) If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge that has not been credited against another sentence.

42 Pa.C.S. § 9760.

Here, the trial court's sentencing order provided that Appellant was entitled to credit for 397 days served, including the time between his initial arrest on July 2, 2014, and his release to house arrest on January 8, 2015. Sentence, 6/29/2016, at 2 (pages unnumbered). Because Appellant in fact received credit for the period of incarceration complained of, his assertion that the trial court failed to award credit for that time is baseless.[3]

The claim that the trial court erred in not awarding Appellant credit for the time he spent on house arrest is also without merit. Our Supreme Court has held that "time spent subject to electronic monitoring at home is not time spent 'in custody' for purposes of credit toward a prison sentence." *Commonwealth v. Birney*, 910 A.2d 739, 741 (Pa. Super. 2006) (citing *Commonwealth v. Kyle*, 874 A.2d 12 (Pa. 2005)). Accordingly, we agree with counsel that the appeal is frivolous as to the credit time issues.

The next issue identified by counsel is that the trial court erred in sentencing Appellant based on a PRS of four rather than three. As discussed

---

[3] Appellant's counsel contends that there was no error in failing to award credit for the 191 days served between July 2014 and January 2015 because Appellant was not charged with the crimes at issue until October 16, 2015. *Anders* Brief at 8. The Commonwealth argues that Appellant is not entitled to credit for that time because he was not arrested on the instant charges until October 16, 2015. Commonwealth's Brief at 2. However, as noted above, Appellant was initially arrested on July 2, 2014, in relation to the events giving rise to the October 16, 2015 charges. N.T., 6/29/2016, at 11-12. Because there were "Rule 600 issues," the Commonwealth withdrew the charges in February 2015 and refiled them on October 16, 2015. *Id.* at 11. Hence, both the Commonwealth and Appellant's counsel are wrong; pursuant to 42 Pa.C.S. § 9760(4), the trial court properly awarded Appellant credit for the time served on the initial charges.

above, Appellant chose in the trial court to withdraw his post-sentence motion raising this issue. Accordingly, it is not preserved for appeal. ***Commonwealth v. Dougherty***, 860 A.2d 31, 40 (Pa. 2004). Because claims that have not been preserved are waived, and raising a waived claim is frivolous, we agree with counsel that Appellant's second issue lacks merit. ***Commonwealth v. Kalichak***, 943 A.2d 285, 291 (Pa. Super. 2008).

The last issue identified by counsel as arguably supporting this appeal is that the trial court erred in not making a record of its ruling on Appellant's Rule 600 motion. Appellant's counsel, the Commonwealth, and the trial court contend that Appellant never filed a Rule 600 motion in this case. ***Anders*** Brief at 9; Commonwealth's Brief at 4; Order 10/26/2016 at 1 (pages unnumbered). Our review of the record confirms that while Appellant filed a Rule 600 motion in the case filed at CP-43-CR-0001013-2014, no such motion was filed in the instant action. Because Appellant did not raise a Rule 600 claim in the trial court, he waived this issue and raising it for the first time on appeal would be frivolous. ***Commonwealth v. Hankerson***, 118 A.3d 415, 420 (Pa. Super. 2015) ("It is axiomatic that an issue cannot be raised for the first time on appeal.").

Based upon the foregoing, we agree with counsel that the issues identified as arguably supporting this appeal are frivolous. Moreover, we have conducted "a full examination of the proceedings" and conclude that

"the appeal is in fact wholly frivolous."[4] **Flowers**, 113 A.3d at 1248.

Accordingly, we affirm the judgment of sentence and grant counsel's petition

to withdraw.

Judgment of sentence affirmed.  Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 5/26/2017

---

[4] We have conducted our review mindful of the fact that "upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed." **Commonwealth v. Eisenberg**, 98 A.3d 1268, 1275 (Pa. 2014).  Because the incidents took place in Mercer County, Appellant did not preserve any claim that his plea was invalid by filing a motion to withdraw it, and the sentences are within the statutory limits, we discern no viable claims or defenses not addressed by Appellant's counsel in the **Anders** brief.