J-S20007-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                       :          PENNSYLVANIA
                                       :

          v.                               :
                                       :

ISSAYAH JUWAN FOSTION         :
                                       :
          Appellant          :     No. 1704 MDA 2023

Appeal from the Judgment of Sentence Entered November 15, 2023
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-CR-0000161-2019

BEFORE:   OLSON, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:              **FILED JULY 03, 2024**

Appellant, Issayah Juwan Fostion, appeals from the judgment of sentence entered on November 15, 2023. On this direct appeal, Appellant's counsel filed a petition for leave to withdraw and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We conclude that Appellant's counsel has complied with the procedural requirements necessary to withdraw. Moreover, after independently reviewing the record, we conclude that the appeal is wholly frivolous. We, therefore, grant counsel's petition to withdraw and affirm the judgment of sentence.

The trial court ably summarized the underlying facts of this appeal:

> On October 21, 2018, [Appellant] was charged . . . with [second-degree murder, attempted robbery, and carrying a

---

[*] Former Justice specially assigned to the Superior Court.

firearm without a license]. The [criminal] complaint alleged that [Appellant] was involved in a drug deal gone bad on October 20, 2018, during which the victim suffered a fatal gunshot wound. . . .

On January 21, 2021, [Appellant pleaded guilty to attempted robbery and carrying a firearm without a license.[1]] . . . On May 25, 2021, [Appellant] was sentenced [to serve an aggregate term of 11 ½ to 23 months in prison, followed by 36 months of probation.] . . .

On November 10, 2021, [Appellant] was found to have violated the terms of his probation. He was resentenced to [serve an aggregate term of 11 ½ to 23 months in prison, followed by 36 months of probation.[2]] On November 15, 2023, [Appellant] was again found to have violated the terms of his probation. [That day, the trial court resentenced Appellant to serve an aggregate term of 48 to 120 months in prison].

Trial Court Opinion, 1/23/24, at 1-2.

On November 22, 2023, Appellant filed a timely motion to modify sentence, where he claimed that his sentence was excessive, as the trial court failed to consider his rehabilitative needs and the mitigating circumstances of his case. **See** Appellant's Motion to Modify, 11/22/23, at 2; **see also** Pa.R.Crim.P. 708(E). The trial court denied Appellant's motion on November 27, 2023 and, on December 12, 2023, Appellant filed a timely notice of appeal. Further, on this appeal, Appellant's counsel filed a petition for leave to withdraw and an **Anders** brief.

---

[1] 18 Pa.C.S.A. §§ 901(a) and 6106(a)(1), respectively.

[2] Appellant was also given the following credit for time served: from October 21, 2018 to May 26, 2021 and from October 13, 2021 to November 10, 2021. **See** Sentencing Order, 11/10/21, at 1.

Before reviewing the merits of this appeal, this Court must first determine whether counsel has fulfilled the necessary procedural requirements for withdrawing as counsel. *Commonwealth v. Miller*, 715 A.2d 1203, 1207 (Pa. Super. 1998).

To withdraw under *Anders*, counsel must satisfy certain technical requirements. First, counsel must "petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous." *Miller*, 715 A.2d at 1207. Second, counsel must file an *Anders* brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Finally, counsel must furnish a copy of the *Anders* brief to his or her client and advise the client "of [the client's] right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention." *Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa. Super. 2007).

If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal

- 3 -

is in fact wholly frivolous." ***Santiago***, 978 A.2d at 355 n.5; ***see also***

***Commonwealth v. Yorgey***, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (holding that the ***Anders*** procedure requires this Court to review "the entire record with consideration first of the issues raised by counsel. . . . [T]his review does not require this Court to act as counsel or otherwise advocate on behalf of a party. Rather, it requires us only to conduct a review of the record to ascertain if[,] on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated. We need not analyze those issues of arguable merit; just identify them, deny the motion to withdraw, and order counsel to analyze them"). It is only when all of the procedural and substantive requirements are satisfied that counsel will be permitted to withdraw.

In the case at bar, counsel complied with all of the above procedural obligations. We must, therefore, review the entire record and analyze whether this appeal is, in fact, wholly frivolous. Our analysis begins with the claims raised in the ***Anders*** brief:

> 1. Did the trial court abuse its discretion when it resentenced [Appellant] to a sentence of 48 months to 120 months in a State Correctional Institution on count 2 and a sentence of 40 months to 84 months in a State Correctional Institution on count 3?
>
> [2.] Did the trial court abuse its discretion when it denied [Appellant's] post-sentence motion?
>
> [3.] Did the trial court abuse its discretion when it refused to grant credit for time served on electronic monitoring from November 16, 2021 through November 16, 2022?

Appellant's Brief at 9.[3]

Appellant's first claim challenges the discretionary aspects of his sentence. *See Commonwealth v. Lee*, 876 A.2d 408 (Pa. Super. 2005) (claim that the trial court erred in imposing an excessive sentence is a challenge to the discretionary aspects of a sentence). We note that, in an appeal following the revocation of probation, our scope of review includes discretionary aspects of sentencing claims. *Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*). With respect to our standard of review, we have held that "sentencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of discretion." *Commonwealth v. Ritchey*, 779 A.2d 1183, 1185 (Pa. Super. 2001). Moreover, pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. *See* 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. *Id.*

As this Court has explained:

> [t]o reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. [708(E)]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not

---

[3] For ease of discussion, we have re-numbered Appellant's claims on appeal.

appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

*Commonwealth v. Cook*, 941 A.2d 7, 11 (Pa. Super. 2007); *see also Cartrette*, 83 A.3d at 1042 ("issues challenging the discretionary aspects of a sentence [following the revocation of probation] must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived"); *Commonwealth v. Kalichak*, 943 A.2d 285, 289 (Pa. Super. 2008) ("when a court revokes probation and imposes a new sentence, a criminal defendant needs to preserve challenges to the discretionary aspects of that new sentence either by objecting during the revocation sentencing or by filing a [motion to modify] sentence").

Appellant claims that the trial court abused its discretion when it sentenced him without properly considering his rehabilitative needs and mitigating circumstances. *See* Appellant's Brief at 14. Appellant preserved this claim by filing a timely notice of appeal, raising the claim in his motion to modify sentence, and including the issue in his Rule 2119(f) statement. Therefore, we turn to the issue of whether Appellant's first claim raises a substantial question.

Generally, to raise a substantial question, an appellant must "advance a colorable argument that the trial judge's actions were: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. McKiel*, 629 A.2d 1012, 1013 (Pa. Super. 1993); *Commonwealth v. Goggins*, 748

A.2d 721, 726 (Pa. Super. 2000) (*en banc*). Additionally, in determining whether an appellant has raised a substantial question, we must limit our review to Appellant's Rule 2119(f) statement. **Goggins**, 748 A.2d at 726. This limitation ensures that our inquiry remains "focus[ed] on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." **Id.** at 727 (emphasis omitted).

Appellant's first claim contends that his sentence is excessive because the trial court failed to consider his rehabilitative needs and mitigating circumstances. Under our precedent, Appellant's claim presents a substantial question, thus permitting our review. **See Commonwealth v. Dodge**, 77 A.3d 1263, 1273 (Pa. Super. 2013) ("[a]ppellant's claim that the sentencing court disregarded rehabilitation and the nature and circumstances of the offense in handing down its sentence presents a substantial question for our review"); **Commonwealth v. Johnson**, 125 A.3d 822, 826 (Pa. Super. 2015) ("an excessive sentence claim – in conjunction with an assertion that the court failed to consider mitigating factors – raises a substantial question"); **Commonwealth v. Swope**, 123 A.3d 333, 340 (Pa. Super. 2015) (holding: a claim that the appellant's sentence was unduly excessive, "together with his

claim that the court failed to consider his rehabilitative needs and mitigating factors upon fashioning its sentence, presents a substantial question").[4]

We have explained:

> sentencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion. An abuse of discretion involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias or ill will. It is more than just an error in judgment.

**Commonwealth v. Crork**, 966 A.2d 585, 590 (Pa. Super. 2009) (quotation marks and citations omitted).

Appellant claims that the trial court failed to adequately consider the following factors: 1) "his ongoing mental health issues led to his violations, rather than intentional behavior;" 2) "[h]e asked the [trial court] to consider a Franklin County Jail sentence, which would allow him to continue to address his mental health issues through available treatment;" and, 3) he was "employed as a welder and explained [to the trial court] how maintaining his employment could benefit him and reduce the likelihood of recidivism." Appellant's Brief at 14.

---

[4] We note that we have also "held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." **Commonwealth v. Eline**, 940 A.2d 421, 435 (Pa. Super. 2007) (quotations, citations, and corrections omitted); **see also Commonwealth v. Radecki**, 180 A.3d 441, 469 (Pa. Super. 2018) (collecting cases). Nevertheless, in light of our conflicting precedent, we will review the merits of Appellant's discretionary aspects of sentencing claim.

Appellant's claim is frivolous because, during the sentencing hearing, the trial court declared that it was expressly aware of all three mitigating factors Appellant now cites. *See* N.T. Sentencing Hearing, 11/15/23, at 6-12. As the trial court later explained in its opinion, however, it concluded that an aggregate sentence of 48 to 120 months in prison was appropriate in this case because:

> [the trial court was] worried about how [Appellant] continued to make decisions that put him, law enforcement, and the public at significant risk. Additionally, it was noted that [Appellant] had been given multiple chances to keep himself out of a state correctional institution, but due to [Appellant's] behaviors, the risk to the community necessitated a term of incarceration.

Trial Court Opinion, 1/23/24, at 9.

The record thus belies Appellant's claim that the trial court failed to consider his rehabilitative needs and the mitigating circumstances of this case. As such, Appellant's first claim on appeal is frivolous. Further, Appellant's associated claim – that the trial court erred when it denied his motion to modify sentence – is also, by implication, frivolous. *See* Appellant's Brief at 16.

Finally, Appellant claims that the trial court erred when it failed to grant him credit for the time he served while on electronic monitoring. Appellant's Brief at 15.

A claim asserting that the trial court failed to award credit for time served implicates the legality of a sentence. *See Commonwealth v. Gibbs*,

181 A.3d 1165, 1166 (Pa. Super. 2018). "Because the legality of a sentence presents a pure question of a law, our scope of review is plenary, and our standard of review is *de novo*." ***Commonwealth v. Lowe***, 303 A.3d 810, 813 (Pa. Super. 2023).

Section 9760 of the Sentencing Code governs the calculation of credit for time served and, in pertinent part, states:

> Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S.A. § 9760(1).

As this Court has held, however, "time spent subject to electronic monitoring at home is not time spent 'in custody' for purposes of credit toward a prison sentence." ***Commonwealth v. Birney***, 910 A.2d 739, 741 (Pa. Super. 2006). Thus, Appellant's claim that he was entitled to credit for the time he served while on electronic monitoring is frivolous. ***See id.***

We have independently considered the issues raised within Appellant's brief and we have determined that the claims are frivolous. In addition, after an independent review of the entire record, we see nothing that might arguably support this appeal. The appeal is therefore wholly frivolous. Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition for leave to withdraw.

Petition for leave to withdraw appearance granted. Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 07/03/2024